IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                                          16-M- 1055

ANDREW THOMPSON,

                                Defendant.

## PLEA AGREEMENT

The defendant, ANDREW THOMPSON, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to a one count Information charging a violation of Title 33, United States Code, Sections 1311(a) and 1319(c)(1)(A) [negligent violation of the Clean Water Act], for which the maximum possible sentence is a term of imprisonment of 1 year, a fine of not less than $2,500 nor more than $25,000 per day of violation, a mandatory $25 special assessment and a term of supervised release of 1 year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 1 year, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant discharged or caused to be discharged a pollutant from a point source;

   b. The discharge was into a water of the United States;

   c. The defendant did not have a permit to discharge into a water of the United States; and

   d. The defendant acted negligently.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

2

a. At all times relevant, the defendant, ANDREW THOMPSON, was the Chief Operator for the Waste Water Treatment Plant ("WWTP") for the Village of Westfield.

b. Beginning on or about June 12, 2014, due to a malfunction occurring at the West Side Pump Station located in the Village of Westfield, the pump station was unable to pump the untreated sewage flowing through the station to the WWTP, which resulted in untreated sewage being discharged into Chautauqua Creek (the "Creek"). Based on an alarm that was triggered due to the sewage overflow, the defendant was aware of the discharge of sewage into the Creek during the evening of June 12, 2014.

c. On or about June 13, 2014, workers attempted to fix the pump station and needed to pump down the level of untreated sewage in the pump station to access the pumps. At that time, the defendant directed the workers to discharge the untreated sewage pumped out of the pump station into the Creek.

d. During the relevant time period, the defendant should have been aware that he was not authorized to discharge untreated sewage into the Creek and acted negligently in allowing the untreated sewage to be discharged to the Creek.

e. During the relevant time period, the defendant did not have a permit issued under the Clean Water Act for the discharge of untreated sewage, a pollutant, to the Creek, a water of the United States.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2Q1.3(a) applies to the offense of conviction and provides for a base offense level of 6.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics do apply:

    a. the 4 level increase pursuant to Guidelines § 2Q1.3(b)(1)(B) [offense involved discharge of a pollutant]; and

    b. the 4 level increase pursuant to Guidelines § 2Q1.2(b)(4) [offense involved a discharge without a permit].

8. The government and the defendant further agree that the following adjustments do apply:

    a. a 2 level downward departure pursuant to Guidelines § 2Q1.3, comment. n. 3 [departure warranted because offense involved negligent conduct]; and

    b. 2 level downward departure pursuant to Guidelines § 2Q1.3, comment. n. 4 [departure warranted due to nature and duration of the discharge into the environment].

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 10.

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 8.

## CRIMINAL HISTORY CATEGORY

11.  It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.  It is the understanding of the government and the defendant that, with a total offense level of 8 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **0 to 6** months, a fine of $2,000 to $20,000, and a period of supervised release of 1 year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

13.  Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a criminal fine of $10,000, a $25 special assessment, and a sentence of six months probation, as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be

afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the conditions of a term of probation that may be imposed by the Court at sentencing.

14.   The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

15.   The defendant understands that except as set forth in paragraph 13, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

16.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further

6

agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to violations of the Clean Water Act which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

17. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c. advocate for a specific sentence consistent with the terms of this agreement; and

    d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

19. The defendant understands and agrees that the Court, at the time of sentencing, may order that all monetary penalties imposed at that time (including any fine or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

## VI.  APPEAL RIGHTS

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

23. This plea agreement represents the total agreement between the defendant, ANDREW THOMPSON, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

9

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
AARON J. MANGO
Assistant U.S. Attorney

Dated: May 18, 2016

I have read this agreement, which consists of 10 pages. I have had a full opportunity to discuss this agreement with my attorney, James C. Roscetti, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
ANDREW THOMPSON
Defendant

Dated: May 18, 2016

_____
JAMES C. ROSCETTI, ESQ.
Attorney for the Defendant

Dated: May 18, 2016

10